UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDUL WAHAB QARI
900 N Sterling Blvd
Sterling Va, 20164-2902

    Plaintiff,

v.                                                                              Civil Action No.:

WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY
600 Fifth Street, N.W.
Washington, D.C. 20001, and

    Serve: Carol O'Keeffe, Esquire
           General Counsel, WMATA
           600 Fifth Street, N.W.
           Washington, D.C. 20001
and

ANTOINETTE DEBORAH WILLIAMSON
5290 Marlboro Pike, Apt 403
Capitol Heights, Maryland 20743

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Abdul Wahab Qari, by and through his attorneys, Steven J. McCool, Joseph T. Mallon, Jr. and Mallon & McCool, LLC, hereby sues the Washington Area Metropolitan Area Transit Authority ("WMATA"), and Antoinette Deborah Williamson and alleges as follows:

### PARTIES

1.    At all times relevant herein Plaintiff, Abdul Wahab Qari, has resided in the Commonwealth of Virginia.

1

2. Defendant WMATA was created by an interstate Compact among Maryland, Virginia and the District of Columbia. WMATA operates a mass transit system for the District of Columbia and the Washington suburban areas of Maryland and Virginia. Defendant WMATA is headquartered in the District of Columbia. At all times relevant to this case, Defendant WMATA has been acting through actual and/or apparent agents, servants and/or employees including but not limited to Antoinette Deborah Williamson.

3. Defendant Antoinette Deborah Williamson, at all times relevant herein, was employed by Defendant WMATA as a bus driver. At all times relevant herein, Defendant Williamson was acting within the course and scope of her employment with Defendant WMATA. At all times relevant herein, Defendant Williamson has resided in the State of Maryland.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the matters set for in this Complaint pursuant to the WMATA Compact, which is codified at D.C. Code § 9-1107.01. Plaintiff also invokes the supplemental jurisdiction of this Court over Plaintiff's claims against the Defendants pursuant to 28 U.S.C. § 1367.

5. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391(a)(1), insofar as a substantial part of the events or omissions giving rise to the claims herein occurred in this jurisdiction.

**FACTS**

6. The incident giving rise to this civil action occurred on or about December 30, 2004, at approximately 3:15pm, in the 1100 block of Pennsylvania Avenue, S.E. in the District

of Columbia.

7. At the aforementioned date and time, Plaintiff Qari was driving his taxi cab steadily and continuously in the second lane of Pennsylvania Avenue. He had just crossed 11th Street and was traveling between 11th and 12th.

8. There were a number of cars double parked in the first lane of Pennsylvania Avenue S.E.

9. At the aforementioned date and time, Defendant Williamson, in the course and scope of her employment with Defendant WMATA, was operating a WMATA bus in the first lane of Pennsylvania Avenue, next to the second lane, the lane occupied by Plaintiff Qari's taxi.

10. As Defendant Williamson attempted to pass a car double parked in the first lane she veered into the second lane with no regard for Plaintiff Qari's taxi. The back half of the WMATA bus operated by Defendant Williamson hit the front half of Plaintiff Qari's taxi. A back flap on the WMATA bus flew up in the air and clanged back down as though it had been snagged on Plaintiff Qari's taxi.

11. Members of the District of Columbia Metropolitan Police Department arrived at the scene of the incident and charged Defendant Williamson with Failure to Pay Full Time and Attention.

12. Defendant Williamson failed to maintain proper control of the WMATA bus, she failed to pay full time and attention to the operation of the WMATA bus, she operated the WMATA bus at an excessive rate of speed under the conditions, she operated the WMATA bus in an unreasonable and/or reckless manner, she failed to maintain a proper lookout, she failed to warn Plaintiff Qari, she failed to see Plaintiff Qari, she failed to apply her brakes in a timely

manner to avoid colliding with Plaintiff Qari, and she failed to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia. As a result, Defendant Williamson caused the WMATA bus to veer into the second lane striking Plaintiff Qari's taxi and causing him serious personal injury.

13. At all times relevant to this incident, Defendant WMATA was the owner of the bus which collided with Plaintiff Qari, and was the employer of the bus operator, Defendant Williamson. Therefore, Ms. Williamson's negligence is imputed to Defendant WMATA.

14. Plaintiff Qari acted properly in all respects and was free from negligence in connection with this incident.

## COUNT I
### (Negligence – Defendant Williamson)

15. Plaintiff Abdul Wahab Qari, hereby sues Defendant Williamson and states as follows:

16. Each of the allegations contained above is hereby incorporated by reference.

17. Defendant Williamson, individually and as an actual and/or apparent agent, servant, and/or employee of Defendant WMATA, had a duty of care to operate the WMATA bus in a proper fashion with the degree of care and skill that a responsibly competent driver would have exercised under similar circumstances.

18. Defendant Williamson, individually and as an actual and/or apparent agent, servant, and/or employee of Defendant WMATA, breached the aforesaid duty of care owed to Plaintiff Qari and was negligent in the following ways, among others:

    A. Failure to maintain proper control of the WMATA bus;

    B. Failure to pay full time and attention to the operation of the WMATA bus;

   C. Operation of the WMATA bus at an excessive rate of speed under the conditions;

   D. Operation of the WMATA bus in an unreasonable and/or reckless manner;

   E. Failure to maintain proper lookout;

   F. Failure to see Plaintiff Qari;

   G. Failure to warn Plaintiff Qari;

   H. Failure to apply the brakes in a timely manner to avoid colliding with Plaintiff Qari; and

   I. Failure to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia.

19. As a direct and proximate result of Defendant Williamson's negligence, Plaintiff Qari suffered serious injuries to his person.

20. As a further direct and proximate result of Defendant Williamson's negligence, Plaintiff Qari was denied engagement in personal and family activities, experienced severe physical and emotional pain and distress, incurred medical and other expenses, and suffered pecuniary loss.

21. Had Defendant Williamson observed the appropriate and applicable duty of care, Plaintiff Qari would not have suffered the injuries and damages described above.

22. The injuries and damages herein complained of were directly and proximately caused by the negligence and lack of care of Defendant Williamson, with no negligence on the part of Plaintiff Qari contributing thereto.

23. As a further direct and proximate result of Defendant Williamson's negligence,

Plaintiff Qari has incurred and will continue to incur substantial expenses related to his injuries.

## COUNT II
### (Negligence – Defendant WMATA)

24. Plaintiff Abdul Wahab Qari, hereby sues Defendant WMATA and states as follows:

25. Each of the allegations contained above is hereby incorporated by reference.

26. Defendant WMATA, individually and/or through its actual and/or apparent agents, servants, and/or employees including Defendant WIlliamson, had a duty of care to operate the WMATA bus in a proper fashion with the degree of care and skill that a responsibly competent driver would have exercised under similar circumstances.

27. Defendant WMATA, individually and/or through its actual and/or apparent agents, servants, and/or employees including Defendant Williamson, breached the aforesaid duty of care owed to Plaintiff Qari and was negligent in the following ways, among others:

    A. Failure to maintain proper control of the WMATA bus;

    B. Failure to pay full time and attention to the operation of the WMATA bus;

    C. Operation of the WMATA bus at an excessive rate of speed under the conditions;

    D. Operation of the WMATA bus in an unreasonable and/or reckless manner;

    E. Failure to maintain proper lookout;

    F. Failure to see Plaintiff Qari;

    G. Failure to warn Plaintiff Qari;

    H. Failure to apply the brakes in a timely manner to avoid colliding with Plaintiff Qari; and

I.  Failure to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia.

28. As a direct and proximate result of Defendant WMATA's negligence, Plaintiff Qari suffered serious injuries to his person.

29. As a further direct and proximate result of Defendant WMATA's negligence, Plaintiff Qari was denied engagement in personal and family activities, experienced severe physical and emotional pain and distress, incurred medical and other expenses, and suffered pecuniary loss.

30. Had Defendant WMATA observed the appropriate and applicable duty of care, Plaintiff Qari would not have suffered the injuries and damages described above.

31. The injuries and damages herein complained of were directly and proximately caused by the negligence and lack of care of Defendant WMATA, with no negligence on the part of Plaintiff Qari contributing thereto.

32. As a further direct and proximate result of Defendants' negligence, Plaintiff Qari has incurred and will continue to incur substantial expenses related to his injuries.

## COUNT III
### (Respondeat Superior)

33. Plaintiff hereby incorporates by reference each of the allegations contained above.

34. Defendant WMATA operates a mass transit system for the District of Columbia and the Washington suburban areas of Maryland and Virginia. Defendant WMATA is headquartered in the District of Columbia.

35. At all relevant times herein, Defendant Williamson was employed by Defendant WMATA as a bus operator.

36. On or about December 30, 2004, Defendant Williamson, while on duty as a WMATA bus operator, drove a WMATA bus in a negligent manner, as described above, and, as a result, he struck Plaintiff Qari, causing him to sustain serious personal injuries.

37. The above described acts of Defendant Williamson were committed within the scope of her employment with Defendant WMATA, in that she committed them while on duty and in furtherance of Defendant WMATA's interests.

38. As Defendant Williamson's employer, Defendant WMATA is responsible for all of the acts committed by Defendant Williamson within the scope of her employment.

### REQUEST FOR DAMAGES

WHEREFORE, Plaintiff demands judgment against Defendants on all counts, jointly and severally, in the full and just amount of Two Hundred Thousand Dollars ($200,000.00).

### DEMAND FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, respectfully requests a jury trial on all of the above claims.

Respectfully submitted,

MALLON & McCOOL, LLC

By: _____
Steven J. McCool, Esquire
DC Bar No. 429369
Joseph T. Mallon, Jr.
D.C. Bar No. 441376
16 South Calvert Street, Suite 1002
Baltimore, Maryland 21202
Phone: (410) 727-7887
Fax:   (410) 727-4770