UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL WAHAB QARI )<br>900 N. Sterling Boulevard )<br>Sterling, VA 20164-2902 )<br>      )<br>       Plaintiff, )<br>      )<br>   v.    ) <br>      )<br>WASHINGTON METROPOLITAN )<br> AREA TRANSIT AUTHORITY )<br>600 Fifth Street, NW )<br>Washington, DC 20001 )<br>      )<br>and )<br>      )<br>ANTOINETTE DEBORAH WILLIAMSON )<br>5920 Marlboro Pike, Apt. 403 )<br>Capitol Heights, Maryland 20743 )<br>      )<br>       Defendants. )  | Case No. 1:06-cv-01072-HHK |

**ANSWER OF DEFENDANT WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY**

**FIRST DEFENSE**

The Complaint herein fails to state a cause of action against Defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), for which relief may be granted.

**SECOND DEFENSE**

1. WMATA is without information sufficient to admit or deny the allegations of Paragraph One of Plaintiff's Complaint; the allegations are therefore denied.

2. WMATA admits, as alleged in Paragraph Two of Plaintiff's Complaint,

that it is an interstate compact agency providing mass transit in the District of Columbia, and in the Commonwealth of Virginia and the State of Maryland and that its headquarters is located in the District of Columbia.  WMATA further admits that WMATA employee, Antoinette Deborah Williamson, was acting for and on behalf of WMATA at the times referenced in Plaintiff's Complaint.  All other allegations are denied.

    3.  WMATA admits the allegations contained in Paragraph Three of the Complaint.

    4.  WMATA admits that this Court's jurisdiction is proper pursuant to the WMATA Compact, codified at §§ 9-1107.01(81) and 9-1107.01(10).  WMATA denies all remaining allegations of Paragraph Four of the Complaint.

    5.  WMATA admits the allegations of Paragraph Five of Plaintiff's Complaint.

    6.  WMATA admits the allegations of Paragraph Six of Plaintiff's Complaint.

    7.  WMATA denies the allegations of Paragraph Seven of Plaintiff's Complaint.

    8 - 10.  WMATA denies the allegations of Paragraphs Eight through Ten of Plaintiff's Complaint.

    11.  WMATA admits the allegations of Paragraph Eleven of Plaintiff's Complaint.

    12.  WMATA denies the allegations of Paragraph 12 of Plaintiff's Complaint.

    13.  WMATA admits that it was and is the owner of the bus that made

contact with Plaintiff's Quari's vehicle as well as the employer of bus operator Williamson.  The remainder of the allegations of Paragraph 13 constitute legal conclusions to which no response by WMATA is required.  To the extent that a response is required, they are denied.

14.  WMATA denies the allegations of Paragraph Fourteen of Plaintiff's Complaint.

### COUNT I

15 -16.  WMATA hereby incorporates by reference its responses to Paragraphs One through Fourteen in response the allegations contained in Paragraphs 15 and 16 of Plaintiff's Complaint.

17.  Paragraph Fourteen of Plaintiff's Complaint states legal conclusions for which no response by WMATA is required.  To the extent a response is required, it is denied.

18-23.  WMATA denies the allegations in Paragraphs 18-23 of Plaintiff's Complaint.

### COUNT II

24-25.  WMATA hereby incorporates by reference its responses to Paragraphs 1-23 as if fully set forth herein, in response to Plaintiff's Paragraphs 24 and 25.

26.  Paragraph 26 of Plaintiff's Complaint states legal conclusions for which no response by WMATA is required.  To the extent a response is required, it is denied.

27-32. WMATA denies the allegations contained in Paragraphs 27 through 32 of Plaintiff's Complaint.

### COUNT III

33. WMATA hereby incorporates by reference its responses to Paragraphs 1-32 as if fully set forth herein.

34. WMATA admits it operates a mass transit system in the District of Columbia, the Commonwealth of Virginia and the State of Maryland and further admits that it is headquartered in the District of Columbia. All other allegations of Paragraph 34 are denied.

35. WMATA admits the allegations of Paragraph 35 of Plaintiff's Complaint.

36. WMATA denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37. WMATA admits that bus operator Williamson was acting within the scope of her employment with WMATA at all times referenced in Plaintiff's Complaint. All other allegations are denied.

38. Paragraph 38 of Plaintiff's Complaint state legal conclusions for which no response by WMATA is required. To the extent a response is required, they are denied.

### THIRD DEFENSE

WMATA reserves the right to assert the defense that, if the Plaintiff was injured as alleged in the complaint, his injuries, if any, were the sole result of the

acts of a person or persons other than WMATA or WMATA's servants, agents, or employees acting within the scope of their employment.

### FOURTH DEFENSE

WMATA reserves the right to assert that Plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact.

### FIFTH DEFENSE

WMATA reserves the right to assert the defense that, if the Plaintiff was injured as alleged in the complaint, the injuries, if any, were caused by his contributory negligence and/or assumption of risk, if discovery discloses a basis therefor.

### SIXTH DEFENSE

WMATA reserves the right to assert that the injuries Plaintiff claims as a result of the incident alleged in his Complaint are neither causally related to the incident, reasonable, nor necessary.

### SEVENTH DEFENSE

WMATA intends to rely on all defenses available from the evidence at the time of any trial and expressly reserves the right to assert such a defense as the facts become known.

Further answering the Complaint, WMATA denies all allegations of negligence and other improper conduct and further denies all allegations not specifically admitted or otherwise answered.

WHEREFORE, having fully answered the Complaint, WMATA respectfully requests that this matter be dismissed and that it be awarded costs.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

_____/s/_____
Mark F. Sullivan #430876
Deputy General Counsel

_____/s/_____
Janice L. Cole  #440351
Associate General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2543

## DEMAND FOR JURY TRIAL

Defendant WMATA requests a jury trial in this matter.

_____/s/_____
Janice L. Cole #440351

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __th day of September 2006, a copy of the foregoing <u>Answer of Defendant WMATA and Demand for Jury Trial</u> was mailed, first class postage prepaid, to:

Steven J. McCool #429369
Mallon and McCool LLC
1776 K Street, N.W.
Suite 200
Washington, DC 20006
(202) 393-7088

_____/s/_____
Janice L. Cole