**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ABDUL WAHAB QARI** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.:** |
| : | |
| **WASHINGTON METROPOLITAN AREA** : | |
| **TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |

## JOINT RULE 16.3 STATEMENT

Pursuant to Local Rule 16.3, the parties file this Joint Statement.

1. The parties agree that the case is not likely to be disposed of by dispositive motion at this time. The parties do not anticipate the filing of any dispositive motions in advance of discovery.

2. The parties do not anticipate the need to amend the pleadings or add parties, but counsel submit that should such action be necessary, it will be accomplished within 60 days of the entry of a scheduling order.

3. Plaintiff consents to the assignment of the case to a Magistrate Judge for all purposes. Defendants do not consent to the assignment of this case to a Magistrate Judge for all purposes.

4. At this time it is unclear if there is a reasonable possibility of reaching a settlement of the claims in this action.

5. The parties agree that the case could benefit from mediation with a Magistrate Judge.

6. Defendant believes that, upon completion of discovery, some claims will be appropriate for a dispositive motion. Plaintiff does not believe this case can be determined by dispositive motion.

7. The parties agree to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8. The parties request 180 days to complete discovery (Track Three), and the Federal Rules of Civil Procedure and Local Rules shall govern the extent of discovery.

9. Plaintiff will make available any expert reports pursuant to Fed. R. Civ. P. 26(a)(2) within 90 days of the beginning of the discovery period. Defendant shall provide any expert reports within 75 days of service of plaintiff's expert report(s).

10. Local Rule 16.3(c)(10), which applies to class actions, is not applicable to this action.

11. The parties do not wish to bifurcate or manage in phases any remaining issues at this time.

12. Defendant requests that a pretrial date be set at the close of discovery. Plaintiff asks that a pretrial conference be set at the initial scheduling conference and it could take place as early as 45 days before trial.

13. Defendant believes that a trial date should be set at the pretrial conference. Plaintiff believes a trial date should be set at the scheduling conference.

**PLAINTIFF'S STATEMENT OF THE CASE**

Plaintiff brings this civil action for damages due to the negligence of Defendant WMATA. The incident giving rise to this civil action occurred on or about December 30, 2004, at approximately 3:15pm, in the 1100 block of Pennsylvania Avenue, S.E. in the District of Columbia. At the aforementioned date and time, Plaintiff Qari was driving his taxi cab steadily and continuously in the second lane of Pennsylvania Avenue. He had just crossed 11th Street and was traveling between 11th and 12th. There were a number of cars double parked in the first lane of

Pennsylvania Avenue S.E.  At the aforementioned date and time, Defendant's agent, Antoinette Williamson, in the course and scope of her employment with Defendant WMATA, was operating a WMATA bus in the first lane of Pennsylvania Avenue, next to Plaintiff Qari's taxi.  As Ms. Williamson attempted to pass a car double parked in the first lane she veered into the second lane with no regard for Plaintiff Qari's taxi.  The back half of the WMATA bus operated by Ms. Williamson hit the front half of Plaintiff Qari's taxi.  A back flap on the WMATA bus flew up in the air and clanged back down as though it had been snagged on Plaintiff Qari's taxi.  Members of the District of Columbia Metropolitan Police Department arrived at the scene of the incident and charged Ms. Williamson with Failure to Pay Full Time and Attention.  At all times relevant to this incident, Defendant WMATA was the owner of the bus which collided with Plaintiff Qari, and was the employer of the bus operator, Ms. Williamson.  Therefore, Ms. Williamson's negligence is imputed to Defendant WMATA.

**DEFENDANTS' STATEMENT OF THE CASE**

Respectfully submitted,

_____/s/_____  
STEVEN J. McCOOL  
DC Bar No. 429369  
MALLON & McCOOL. LLC  
1776 K Street, NW Ste 200  
Washington, DC 20006  
(202)293-3499  

_____/s/_____  
JANICE L. COLE  
DC Bar No. 440351  
Associate General Counsel  
WMATA  
600 Fifth Street, NW.  
Washington, DC 20001  
(202) 962-2543  

**UNITED STATES DISTRICT COURT**  
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ABDUL WAHAB QARI** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.:** |
| : | |
| **WASHINGTON METROPOLITAN AREA** : | |
| **TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |

## SCHEDULING ORDER

Upon consideration of the Parties' Joint Rule 16.3 Statement, the following schedule shall govern this civil action.

The Court shall refer this matter to a Magistrate Judge for mediation.

Any amendments to the pleadings shall be made with any appropriate motions within 60 days of the entry of this order.

The initial disclosures ordinarily required by Fed. R. Civ. P. 26(a)(1) shall be dispensed with.

Discovery shall be commenced and completed within 180 days.

Plaintiff will make available any expert reports pursuant to Fed. R. Civ. P. 26(a)(2) within 90 days of the beginning of the discovery period. Defendant shall provide any expert reports within 60 days of service of plaintiff's expert report(s).

The trial in this matter shall commence on _____, at _____ a.m./p.m.

A pretrial conference shall take place on _____ at _____ a.m./p.m.

                                            HENRY H. KENNEDY, JR.
                                            UNITED STATES DISTRICT JUDGE

cc:

STEVEN J. McCOOL
DC Bar No. 429369
MALLON & McCOOL. LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Janice L. Cole
Associate General Counsel, WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001